IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROOSEVELT ZANDERS, : | |
|     Plaintiff, : | |
| vs. : | 1:04-CV-193 (WLS) |
| SUMTER COUNTY SHERIFF'S DEPT., : | |
|     Defendant. : | |

### ORDER

Presently pending is Defendant Sumter County Sheriff's Department's motion to dismiss. (Tab 8). Plaintiff has filed a response. (Tab 10). For the following reasons, Defendant's motion (Tab 8) is **GRANTED.**

Defendant argues in its motion that the Sumter County Sheriff's Department is not a legal entity capable of being sued. As Defendant is not a legal entity, and pursuant to Fed.R.Civ.Pro. 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.

The Court notes that a motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support his claim for relief. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted. Brooks, 116 F.3d at 1369. This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

The Eleventh Circuit has stated:

> Sheriff's departments and police departments are not usually considered legal entities subject to suit, *see, e.g., Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department not suable entity), *vacated,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986) (remanding for consideration of mootness), *vacated as moot,* 800 F.2d 230 (1986) (no controversy because plaintiff withdrew from case); *Post v. City of Fort Lauderdale,* 750 F.Supp. 1131 (S.D.Fla.1990); *Shelby v. City of Atlanta,* 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Ragusa v. Streator Police Department,* 530 F.Supp.

     814, 815 (N.D.Ill.1981), but "capacity to sue or be sued shall be
     determined by the law of the state in which the district court is held."

Dean v. Barber 951 F.2d 1210, 1214 -1215 (11th Cir. 1992).  Defendant points out that under Georgia law, only three entities are capable of being sued: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318 (1988).

  Plaintiff's only argument is that the federal cases relied upon by Defendant involve 42 U.S.C. § 1983 claims.  Such an argument does not address whether Sumter County Sheriff's Department is a legal entity capable of being sued.[1]  Georgia law is clear that a sheriff's department is not a legal entity capable of suing or being sued.  Therefore, Defendant's motion to dismiss (Tab 8) is **GRANTED** and the case is dismissed without prejudice.

  **SO ORDERED**, this  28th  day of January, 2005.

                 /s/W. Louis Sands
                 **W. LOUIS SANDS, CHIEF JUDGE**
                 **UNITED STATES DISTRICT COURT**

---

[1]. The Court notes that Plaintiff did not seek to amend his complaint to substitute a party or to correct a misnomer.  Also, it is not clear whether such an amendment would relate back to the original filing date for statute of limitations purposes.